# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY THOMAS CHERNETSKY,

    Petitioner,

vs.

E.K. McDANIEL, et al.,

    Respondents.

Case No. 3:00-CV-00571-LRH-RAM

**ORDER**

    Anthony Chernetsky filed an amended petition for writ of habeas corpus (docket #14) with the help of appointed counsel. Ultimately, the court found that Ground 2 of the amended petition was unexhausted and dismissed the action without prejudice. The Ninth Circuit Court of Appeals reversed and remanded the petition for this Court's consideration of the dismissal in light of the United States Supreme Court's decision in *Rhines v. Weber*, ___ U.S. ___, 125 S.Ct. 1528 (2005). Petitioner has now responded to that Order (docket #39), respondents have opposed the arguments presented (docket #40), and petitioner has replied (docket #41).

    The court finds petitioner has shown good cause for his failure to exhaust Ground 2 of the petition, in that he was never apprized of his right to a direct appeal during his plea canvass or in his written plea memorandum, and the Nevada Supreme Court failed to advise him of the alternative procedures provided under *Lozada v. State,* 110 Nev. 349, 871 P.2d 944 (1994) or to afford him the benefits of those procedures, despite giving this benefit to other post-conviction litigants.

Further, the court finds that the claim raised is not clearly meritless and that petitioner has not been intentionally dilatory in pursuit of his claims. Petitioner shall be granted leave to return to state court while having this action closed administratively without judgment being entered.

**IT IS THEREFORE ORDERED** that the Clerk shall **CLOSE THIS CASE ADMINISTRATIVELY BUT SHALL NOT ENTER JUDGMENT**.

**IT IS FURTHER ORDERED** that petitioner must return to state court within forty-five (45) days from entry of this Order.

**IT IS FURTHER ORDERED** that after he exhausts his state court remedies with respect to his unexhausted claims, petitioner may, within thirty (30) days of completion of his state action for collateral review, make a motion to reopen this action under the same case number and before the same undersigned United States District Court Judge. Should petitioner miss the deadlines imposed by this Order, the motion to reopen may be denied.

Dated this 7th day of April, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE